# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEVEN J. VUJCEVIC,

    Plaintiff,

v.                                                 Case No. 06-CV-14187

OGLEBAY NORTON MARINE SERVICES
CO., L.L.C., OGLEBAY NORTON MARINE
MANAGEMENT CO., L.L.C. and M/V
"COLUMBIA STAR,"

    Defendants.
                                                 /

## OPINION AND ORDER GRANTING "DEFENDANTS' MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT AND AFFIDAVIT OF ROGER WABEKE"

Pending before the court is Defendants' October 29, 2007 "Motion to Strike Supplemental Expert Report and Affidavit of Roger Wabeke." The matter has been briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(e)(2). For the reasons stated below, the court will grant Defendants' motion.

## I. BACKGROUND

The court's January 17, 2007 scheduling order provided that Plaintiff's expert witness reports were to be provided to Defendants no later than fifty-six days before the close of discovery, i.e., the reports were due by July 6, 2007. (1/17/07 Order at 3.) On May 31, 2007, Plaintiff Steven Vujcevic produced the report of his hearing loss expert, Dr. John Zappia. Because of delays in scheduling the deposition of Defendants' representative, the parties agreed that the report of Plaintiff's expert Roger Wabeke, an

1

engineer and industrial hygienist who would serve as Plaintiff's liability expert, could be submitted after the expert report deadline. (Pl.'s Resp. at 7-8.) Wabeke submitted his expert report on August 29, 2007. The report focused upon noise levels on Defendants' vessel, noise level regulations governing Defendants and the alleged deficiency of Defendants' workplace hearing conservation program. (Wabeke's Prelim. Rpt., Defs.' Ex. I.) Because Wabeke was scheduled to depart for a three and one-half week vacation on August 30, 2007, he completed the report under time constraints. (8/29/07 Letter, Pl.'s Resp. Ex. F.) The parties agreed that Wabeke's report would be deemed preliminary and Wabeke would be permitted to file a supplemental report in late September, upon his return from vacation. (*Id.*)

On October 1, 2007, Defendants moved for summary judgment on the ground that Plaintiff's hearing loss claim was barred by the three-year statute of limitations because Plaintiff knew of his work-related hearing loss in the 1990s, yet did not file suit until 2006. (*See generally,* Defs.' Mot. for S.J.) On October 8, 2007, Plaintiff filed his response, in support of which was Wabeke's supplemental report and affidavit, which asserted that Plaintiff's present hearing loss was "separate and distinct" from his earlier hearing loss. (*See generally,* Pl.'s Resp.) Plaintiff relied on Wabeke's testimony to prove that, because Plaintiff suffered a separate and distinct injury, his claims were not time-barred. On October 29, 2007, Defendants moved to strike the supplemental report and affidavit, emphasizing that these submissions were produced more than three months after Plaintiff's expert report deadline, five weeks after the close of discovery, eight days after Defendants moved for summary judgment, and arguing that the

2

submissions constituted improper attempts to manufacture a separate and distinct injury in order to survive summary judgment. (*See generally* Defs.' Mot.)

## II.  STANDARD

Federal Rule of Civil Procedure 26(a)(2)(B) provides that an individual retained to provide expert testimony shall provide a written report that contains "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions. . ." Fed. R. Civ. P. 26(a)(2)(B).  Further, Rule 26(a)(2)(C) provides that "these disclosures shall be made at the time and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2).

Violation of Rule 26 gives rise to the application of Rule 37(c)(1), which provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).  The Sixth Circuit has interpreted this rule as requiring the "automatic and mandatory [exclusion of non-disclosed evidence] unless non-disclosure was justified or harmless." *Dickenson v. Cardiax and Thoracic Surgery of Eastern Tenn.,* 388 F.3d 976, 983 (6th Cir. 2004) (quoting *Musser v. Gentiva Health Servs.,* 365 F.3d 751, 758 (7th Cir. 2004)).  "District courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Pride v. Bic Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) (citing *Trilogy Comm'n v. Times Fiber Comm'n*, 109 F.3d 739 (Fed. Cir. 1997)).

## III.  DISCUSSION

Defendants argue that Wabeke's supplemental report and affidavit should be stricken because they are provided well past the expert report deadline, are based upon information that Plaintiff had in his possession at the time of the expert report deadline, contain opinions that are in conflict with the opinions of Plaintiff's hearing loss expert and are blatant attempts to manufacture a separate and distinct injury so as to survive summary judgment. (*See generally* Defs.' Mot.) Plaintiff, on the other hand, maintains that the supplemental report and affidavit should not be stricken because the parties agreed that Plaintiff could submit a supplemental report after the deadline, an agreement upon which Plaintiff relied. (*See generally* Pl.'s Resp.) Plaintiff further avers that the report and affidavit do not prejudice Defendants because they do not present any new opinions, but rather, are simply logical extensions of opinions already provided. (*Id.*) For the reasons stated below, the court finds that Plaintiff does not establish a substantial justification for allowing the untimely report and derivative affidavit.[1]

Although Defendants concede that they agreed to allow Wabeke to supplement his preliminary expert report after the expert report deadline, Defendants maintain that this agreement was based upon the notion that Wabeke needed additional time to inspect the vessel at issue and to review the deposition testimony of Defendants' representative. (Defs.' Mot. at 10.) Defendants point out that neither the inspection of the vessel nor the testimony of Defendants' representative was the focus of the supplemental report. (*Id.*) As an initial matter, the court would note that it appreciates

---

[1]Wabeke's affidavit is based upon his supplemental report. The court's rationale behind not permitting the supplemental report applies equally to the affidavit.

the parties' efforts at cooperating to come to an agreement regarding an extension of the discovery schedule, as evidenced by the back and forth correspondence between counsel. However, any such agreement notwithstanding, the court is not inclined to play the role of enforcer with respect to an agreement that contravenes its scheduling order and an agreement that the court played no role in formulating. As Defendants point out, Plaintiff could have sought court approval to extend the deadlines, but did not do so.

Second, and more importantly, there is no justifiable reason why Wabeke could not have rendered his supplemental report findings in his preliminary report of August 2007. Wabeke's supplemental opinion regarding the nature of Plaintiff's hearing loss is based entirely upon records of Plaintiff's 2003 and January 2007 hearing examinations. (Wabeke's Supp. Rpt. at 2, Defs.' Resp. Ex. F.) Plaintiff was, or with reasonable diligence could have been, in possession of these medical records months before the discovery deadline and months before Wabeke worked on his preliminary report. Wabeke had ample opportunity to render his current opinion months earlier, prior to the court's expert report deadline, or at a minimum, in his initial report. That Plaintiff's supplemental report and affidavit were months overdue and submitted a few days after Defendants' motion for summary judgment lends credence to Defendants' contention that Wabeke's submissions were prompted by and targeted to the statute of limitations defense asserted in Defendants' motion for summary judgment.

Third, Plaintiff's assertion that Wabeke's supplemental report and affidavit coincide with, and are mere extensions of, his initial report is inaccurate. Wabeke's preliminary report briefly notes that Plaintiff suffered bilateral hearing loss as a result of work-related noise exposure, then goes on to focus chiefly on noise levels on

5

Defendants' vessel, noise level regulations and Defendants' workplace hearing conservation program. The preliminary report never delved into the nature of Plaintiff's hearing loss and makes no mention of a separate and distinct injury or anything of the sort. (*See generally,* Wabeke's Prelim. Rpt., Defs.' Mot. Ex. I.)

Significantly, hearing loss expert Dr. Zappia, arguably the most suitable of Plaintiff's experts to testify about Plaintiff's hearing loss, never opined that Plaintiff suffered a separate and distinct injury. To the contrary, Dr. Zappia characterized Plaintiff's overall hearing loss (comparing Plaintiff's recent mid-frequency loss with the earlier high-frequency loss) as "progressive," which he defined to mean *the same* hearing loss, but worsening with the progression of time. (Zappia's Dep. at 32-33, 41, Pl.'s Resp. to S.J. Ex. C.) Contrarily, Wabeke stated in his affidavit that "to label Mr. Vujcevic's hearing loss as a 'progressive' loss or an 'aggravation' is scientifically incorrect and misleading." (Wabeke's Aff. at ¶ 19, Pl.'s Resp. to S.J. Ex. G.) Plaintiff's argument that Wabeke's testimony should be permitted because it is in accordance with, and simply an extension of, Dr. Zappia's testimony is unavailing in view of the facts.

Finally, the court is concerned about whether Wabeke is qualified to render an opinion regarding the specific medical nature of Plaintiff's hearing loss injury. Wabeke is an engineer and industrial hygienist, not a doctor. Although Wabeke's field of expertise coincides with and involves some elements of the medical profession, Plaintiff does not present sufficient evidence that Wabeke is qualified to opine that Plaintiff's mid-frequency hearing loss is an injury "separate and distinct" from his high-frequency hearing loss. *See Smelser v. Norfolk Southern Ry. Co.*, 105 F.3d 299, 303-05 (6th Cir.

1997) (where the expert's training and knowledge do not *specifically* relate the proposed testimony, the trial court, which shall act as a gatekeeper, may properly exclude it), abrogated on other grounds by *Morales v. Am. Honda Motor Co., Inc.*, 151 F.3d 500 (6th Cir. 1998). The court is inclined to believe that the issue of whether Plaintiff's most recent injury is "separate and distinct" from his previous injury is the province of a doctor, not an engineer/industrial hygienist.

Because the court is not persuaded that Plaintiff shows substantial justification for allowing Wabeke's untimely supplemental report and affidavit, or that the admission of the report and affidavit would be harmless, the court will grant Defendants' motion to strike.

## IV. CONCLUSION

IT IS ORDERED that Defendants' "Motion to Strike Supplemental Report and Affidavit of Roger Wabeke" [Dkt. # 28] is GRANTED. Consequently, the court will not consider the supplemental report and affidavit of Wabeke.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 27, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 27, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522