# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEVEN J. VUJCEVIC,

    Plaintiff,

v.                                                          Case No. 06-CV-14187

OGLEBAY NORTON MARINE SERVICES CO.,
L.L.C., OGLEBAY NORTON MARINE
MANAGEMENT CO., L.L.C. and
M/V "COLUMBIA STAR,"

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' "MOTION FOR SUMMARY JUDGMENT"

Pending before the court is Defendants' October 1, 2007, "Motion for Summary Judgment." The matter has been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(e)(2). For the reasons stated below, the court will grant Defendants' motion.

## I. BACKGROUND

On September 22, 2006, Plaintiff Steven Vujcevic filed his complaint, alleging (1) a claim for personal injury pursuant to the Jones Act, 46 U.S.C. § 688, and (2) a claim in admiralty for breach of the warranty to provide a seaworthy vessel. (*See generally* Pl.'s Compl.) Plaintiff worked aboard Defendants' vessel and claims that he "was exposed to excessive amounts of noise, thereby causing him to sustain permanent hearing loss." (*Id.* at ¶ 8.) Plaintiff, a maritime engineer, began his maritime career in 1972 and has

1

served upon various vessels. (Pl.'s Resp. at 5.) From 2003 through 2006, Plaintiff was employed by Defendant Oglebay Norton Marine Management Company, L.L.C. and/or Oglebay Norton Marine Services, Co., L.L.C. ("Oglebay"), serving as chief engineer on Defendant the M/V "Columbia Star." (Pl.'s Compl. at ¶¶ 6, 8.)

As a maritime engineer, "Plaintiff was continuously exposed to fairly constant, loud, and intense noise in the engine rooms of all the ships."[1] (Pl.'s Resp. at 5.) Beginning in 1991, Plaintiff, who submitted to yearly physicals pursuant to Oglebay regulations, began experiencing hearing loss, as documented in a medical questionnaire. (4/6/91 Medical Questionnaire, Defs.' Ex. 1.) Consistently thereafter, throughout the 1990s and into the 2000s, Plaintiff noted in his medical questionnaires that he was exposed to excessive noise at work and was experiencing hearing loss. (Medical records, Defs.' Exs. 1-13.) Plaintiff's yearly hearing tests beginning in 1993 and continuing to the present date consistently confirmed that he suffered high-frequency hearing loss in both ears. (Audiogram Records, Defs.' Ex. E(1).)

On October 1, 2007, Defendants filed their "Motion for Summary Judgment," arguing that Plaintiff's claims are barred by the three-year statute of limitations because Plaintiff knew of his work-related hearing loss in the 1990s, yet did not file suit until 2006. (*See generally* Defs.' Mot.) Plaintiff counters that, although a claim for his high-frequency hearing loss is barred by the statute of limitations, he suffered a separate and

---

[1] During his employment, Plaintiff wore hearing protection devices issued by Oglebay. (Pl.'s Dep. at 23-26, Pl.'s Resp. Ex. A.)

2

distinct injury in the form of mid-frequency hearing loss that occurred within the statute of limitations period. (Pl.'s Resp. at 15.)

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212

F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 (emphasis and alteration in original) (citation omitted) ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'"). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

## III. DISCUSSION

The parties agree that each of Plaintiff's claims has a statute of limitations of three years, pursuant to 46 U.S.C. §§ 30104(a), 30106. (*See* Defs.' Mot. Br. at 1-2; Pl.'s Resp. at 10.) A cause of action accrues when the plaintiff knows, or in the exercise of reasonable diligence should have known, of the injury and its cause. *Aparicio v. Norfolk & Western Railway Co.*, 84 F.3d 803, 814 (6th Cir. 1996), rev'd in part on other grounds, 530 U.S. 133 (2000). A plaintiff's injuries are not time-barred if they are separate and distinct from the original time-barred injury. *Id.* at 815. However, neither the aggravation of a prior injury nor the progression of a prior injury triggers the running of a new statute of limitations. *Id.*

### A. High-frequency Hearing Loss

In the instant case, Plaintiff does not dispute that he has a long history of work-related hearing loss. As discussed above, Plaintiff was exposed to excessive noise at his workplace and had been experiencing high-frequency hearing loss in both ears as early as 1991. Plaintiff's audiograms starting in 1993 and continuing to the present have confirmed that he has sustained high-frequency hearing loss. Plaintiff and his ear-specialist expert, Dr. John Zappia, attribute Plaintiff's hearing loss to exposure to excessive noise at work. (Zappia's Dep. at 38-39, Pl.'s Resp. Ex. C.) Because Plaintiff knew of his high-frequency hearing loss injury and its cause in the 1990s, yet did not file suit until September 2006, the three-year statute of limitations bars Plaintiff from recovering for this injury.

### B. Mid-frequency Hearing Loss

Plaintiff concedes that a claim for his high-frequency hearing loss is time-barred, but asserts that, within the statutory period, he has suffered mid-frequency hearing loss, an injury separate and distinct from his high-frequency hearing loss.[2]

To support his claim, Plaintiff relies upon the testimony of Dr. Zappia, which provides that Plaintiff suffered a distinct loss of mid-frequency hearing in 2005, which grew to be more distinct as time progressed, reaching its maximum severity to date in 2007. (*Id.* at 43-44.)

---

[2]According to Dr. Zappia, "[t]he mid frequencies are the main speech frequencies and are the most important." (Zappia's Dep. at 43, Pl.'s Resp. Ex. C.) One's ability to recognize speech correlates with the ability to hear mid-level frequencies; hearing loss at mid-level frequencies reduces one's speech recognition capabilities and hinders the ability to engage in normal conversation. (*Id.* at 42-44.)

Plaintiff's "separate and distinct" claim, however, fails for lack of substantiation. First, Plaintiff's own expert Dr. Zappia never opines, nor is there any admissible evidence to suggest, that Plaintiff's hearing loss at mid-frequency is separate and distinct from his hearing loss at high-frequency.[3] To the contrary, Dr. Zappia characterized Plaintiff's overall hearing loss (comparing Plaintiff's recent mid-frequency loss with the earlier high-frequency loss) as "progressive." (*Id.* at 32-33, 41.) Dr. Zappia explained that progressive essentially means *the same hearing loss,* but worsening with the progression of time. (*Id.* at 33.) The record is devoid of any evidence that Plaintiff's mid-frequency hearing loss is of a nature separate and distinct from his high-frequency hearing loss. Plaintiff's assertion to the contrary finds no support in the record and thus cannot survive Defendants' motion for summary judgment.

Second, even if the court were to assume that Plaintiff's mid-frequency hearing loss is separate and distinct from his high-frequency hearing loss, Plaintiff's own evidence shows that Plaintiff experienced mid-frequency hearing loss before the three-year anniversary of his filing suit. Although Plaintiff's mid-frequency hearing loss was most pronounced in 2007, Dr. Zappia testified that Plaintiff had experienced such impairment "in the five years prior to my meeting with him [on January 24, 2007]." (*Id.* at 43.) This evidence demonstrates that Plaintiff had been suffering from some

---

[3]Plaintiff attempts to rely on the testimony of his industrial hygienist expert, Roger Wabeke, in proving that his mid-frequency hearing loss is separate from his high-frequency hearing loss. However, for the various reasons detailed in the court's opinion and order striking Wabeke's supplemental export report and affidavit, Wabeke's testimony is inadmissible.

6

noticeable degree of mid-frequency hearing loss outside of the statutory period. Further, Plaintiff's February 2001 and February 2003 hearing exams, both of which occurred more than three years before the instant suit was filed, revealed a meaningful drop in mid-frequency hearing in both ears. Additionally, as early as 1996, Plaintiff was experiencing speech that was "garbled in noisy places." (4/4/96 Medical record, Defs.' Ex. 7.) That Plaintiff's mid-frequency hearing loss would not reach its peak until years later does not necessitate a finding that his claim did not accrue when his mid-frequency hearing loss was first evident in the exercise of reasonable diligence. *See Aparicio*, 84 F.3d at 815 (holding that a progressive injury or an aggravation of a prior injury does not constitute a separate and distinct injury); *Whitman v. CSX Transp., Inc.,* 887 F. Supp. 983, 991 (E.D. Mich. 1996) (holding that the plaintiff's claim could accrue when his hearing loss was minimal, and the statute could expire before the plaintiff adjudged his hearing loss sufficiently severe to warrant bringing suit).

In sum, the court finds that there is no genuine issue of material fact that Plaintiff's mid-frequency hearing loss is not an injury separate and distinct from his undisputedly time-barred hearing loss at higher frequencies. Even if Plaintiff could establish that his mid-frequency hearing loss is separate and distinct, there is no genuine issue of material fact that Plaintiff began to suffer from mid-frequency hearing loss more than three years before filing suit. Plaintiff's claims are therefore barred by the three-year statute of limitations and the court will grant Defendants' "Motion for Summary Judgment"

### IV. CONCLUSION

IT IS ORDERED that Defendants' "Motion for Summary Judgment" [Dkt. # 22] is

GRANTED.

                                              S/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: November 27, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 27, 2007, by electronic and/or ordinary mail.

                                              S/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522